IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                  )
                             )
                             ) CASE NO. 1:20-cv-2450
            Plaintiff,        )
                             )
                             )
        v.                   )
                             ) JURY TRIAL DEMAND
                             )
RANRAE, Inc. d/b/a/ SUBWAY,   )
                             )
            Defendant.        )
                             )
                             )
_____  )

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of

1990 and Title I of the Civil Rights Act of 1991, to correct unlawful

employment practices on the basis of disability and to provide appropriate

relief to Dakotah Wolfe. As alleged with greater particularity in paragraphs

12-14 below, Ranrae, Inc., refused to hire Dakotah Wolfe due to disability.

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§

451, 1331, 1337, 1343 and 1345. This action is authorized and instituted

pursuant to Section 107(a) of the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights

Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were

committed within the jurisdiction of the United States District Court for the

Southern District of Indiana, Indianapolis Division.

### PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with

the administration, interpretation and enforcement of Title I of the ADA and

is expressly authorized to bring this action by Section 107(a) of the ADA, 42

U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3)

of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant, Ranrae, Inc. ("Defendant

Employer") an Indiana Corporation, has continuously been doing business in

the State of Indiana and the City of Bloomington, and has continuously had

at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously

been an employer engaged in an industry affecting commerce under Sections

101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6.      At all relevant times, Defendant Employer has been a covered

entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Dakota Wolfe filed a charge with the Commission alleging violations of the ADA by Defendant Ranrae, Inc.

8.     On May 10, 2020, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     Between May 10 and August 25, 2020, the Commission engaged in communications with Defendant Employer to provide the opportunity to remedy the discriminatory practice described in the Letter of Determination referenced above in paragraph 8.

10.     On August 25, 2020, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.     On or about October 17, 2019, Defendant Employer engaged in an unlawful employment practice at its Bloomington, Indiana Store #1005 in

violation of Section 102(a) and 102(b)(1) of Title I of the ADA, 42 U.S.C. §

12112(a) and (b)(1), by failing to hire Dakotah Wolfe because of disability.

13.     Dakotah Wolfe is a qualified individual with a disability under

Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Dakotah

Wolfe has a hearing impairment that substantially limits his ability to hear.

Defendant Employer refused to hire him because of his hearing and speech

impairments in violation of the ADA.

14.     On October 12, 2019, Subway Store Manager, Justin Franklin

interviewed Dakotah Wolfe for a sandwich-artist position, and five days later

informed Dakotah Wolfe by text that "there was a communication concern,

unfortunately my boss said no. Sorry man." And when Mr. Wolfe asked him

what he meant, Justin Franklin texted further, "Speaking and hearing."

15.     The effect of the practices complained of in paragraphs 12-14

above has been to deprive Dakotah Wolfe of equal employment opportunities

and otherwise adversely affect his status as an applicant because of

disability.

16.     The unlawful employment practices complained of in

paragraphs 12-14 above were intentional.

17.     The unlawful employment practices complained of in

paragraphs 12-14 above were done with malice or with reckless indifference

to the federally protected rights of Dakotah Wolfe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from any employment practice that discriminates against applicants on the basis of disability, including failure to hire qualified applicants from sandwich artist positions due to actual or perceived disabilities.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Dakotah Wolfe by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited in an amount to be proven at trial if instatement is impractical.

D.      Order Defendant Employer to make whole Dakotah Wolfe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-14 above in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Dakotah Wolfe by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-14 above, including emotional distress, loss of enjoyment of life, loss of self-esteem, embarrassment, anxiety and inconvenience, in amounts to be determined at trial.

F.      Order Defendant Employer to pay Dakotah Wolfe punitive damages for its malicious and reckless conduct, as described in paragraphs 12-14 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507

KENNETH L. BIRD
Regional Attorney

NANCY D. EDMONDS
Supervisory Trial Attorney


*/s/ Robin M. Lybolt*
Robin M. Lybolt
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204
Robin.Lybolt@eeoc.gov
463-999-1195