IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Case no.1:20-cv-2450-JRS-DML ) ) |
| v. | ) ) ) ) |
| RANRAE, INC. d/b/a SUBWAY, | ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission") instituted this action under the authority granted by Section 107 of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101-17 ("ADA"). The Commission's action was brought to correct unlawful hiring practices on the basis of disability which violate the ADA. Specifically, the Commission alleged in its Complaint that Ranrae, Inc. ("Ranrae") rejected qualified applicant Dakotah Wolfe for a sandwich artist position in or about October 2019 because of disability. Ranrae denies the Commission's allegations.

The Commission and Ranrae hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. (See parties' Joint Motion to Enter Consent Decree, Dkt #26.)

It is therefore the finding of this Court, based on the record as a whole, that (1) the Court has jurisdiction over the parties and the subject matter of this action, (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of this Consent Decree, and (3) this Consent Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 31 below. It is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

## GENERAL PROVISIONS

1. Ranrae, its officers, agents, successors and other persons in active concert or participation with Ranrae in its business operations, shall be permanently enjoined from:

    a. Failing to hire a deaf applicant because of that individual's deafness or perceived deafness;

    b. Discriminating in any way against any applicant because of that applicant's deafness.

## TERM, SCOPE, AND ISSUES RESOLVED

2. The duration of this Decree shall be two years from the date of entry by the Court.

3. This Decree shall apply to Ranrae's Indiana restaurants and all its

managers, supervisors, agents, human resource personnel, and any other employees who play a role in hiring.

4. Nothing in this Decree shall be construed to preclude EEOC from filing lawsuits based on charges not resolved by this Decree.

5. Any individual charges filed with EEOC or the state equivalent after the effective date of this Decree as defined in paragraph 2 above, based on conduct alleged to have occurred prior to the effective date of this Decree, will be processed by EEOC in accordance with its standard procedures.

## EMPLOYMENT PRACTICES

**Training:**

6. No less than 90 days from the effective date of this Decree as defined in paragraph 2 above, Ranrae shall provide all managers, supervisors, owners, and other personnel who play any role in the hiring process, no less than four hours of training that covers:

   a. ADA's prohibitions against disability-based discrimination in hiring, terms and conditions of employment, and retaliation;

   b. Understanding the kind of conduct which may constitute unlawful disability-based discrimination;

   c. Implicit bias and the role it plays in hiring;

   d. How to create and foster a diverse work force; and

   e. Interactive trainee/trainer question and answer components.

Thereafter, managers, supervisors, owners, and other personnel who play any role in the hiring process shall receive annual training on the same topics.

Ranrae shall provide a list of the names, job titles of all attendees for each training session as well as copies of any written materials provided to attendees no later than 30 days after the training takes place.

7.  For the duration of this consent decree, all new managers and employees involved in the hiring process shall receive the above-described training before they play any role in hiring and no later than 90-days after they are hired or placed in a position that requires them to play any role in hiring.

8.  This training described in paragraph 6 shall be provided at Ranrae's expense by hiring a qualified employment lawyer to conduct all training.

## MONETARY RELIEF

9.  Ranrae shall pay a total of $28,700.00 to charging party Dakotah Wolfe. The total amount includes $1,200.00 in back pay. Ranrae shall make and be responsible for paying its share of all applicable payroll taxes. Ranrae shall not deduct from any amount the employer's share of any costs, taxes or social security required by law to be paid by Ranrae. Ranrae shall issue a W-2 for any payment of back wages, and all withholding required by law shall be deducted from the same.

10.  The total amount identified in paragraph 9 includes $27,500.00 in compensatory damages. There shall be no tax withholdings or deductions from compensatory damages. Ranrae shall issue a form 1099 to Dakotah Wolfe for compensatory damages.

**Payment:**

11. All payments shall be made by check and made payable to Dakotah Wolfe, or his heirs or assigns in the event of death.

12. Within 30 days from the entry of this Decree, EEOC will provide Ranrae with an executed IRS W-4 form for Dakotah Wolfe.

13. Within 30 days of the EEOC providing an executed W-4 form for Dakotah Wolfe, Ranrae shall mail settlement checks for backpay and compensatory damages to him via certified mail to an address provided by the EEOC. Payment checks shall be accompanied by a statement detailing all deductions.

14. Within ten business days after payments are mailed to Dakotah Wolfe, Ranrae shall submit a copy of the checks issued and proof of delivery (a signed certified mail receipt) to the EEOC in care of the EEOC's Regional Attorney for the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204 and via e-mail to monitoring-eeoc-indo@eeoc.gov.

15. In the event that payment to Dakotah Wolfe is returned as undeliverable, Ranrae shall immediately notify the EEOC, and the EEOC will make all reasonable efforts to locate Dakotah Wolfe or his heirs or assigns in the event of death. If no one can be located within a reasonable time, undistributed amounts shall be donated to Indiana Association for the Deaf upon written direction to Ranrae, by the EEOC.

## DISSEMINATION OF DECREE AND NOTICE POSTING

16. Within ten business days of entry of this Consent Decree, Ranrae shall provide a copy of this Decree to all managers, supervisors, officers, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any individual or entity retained to perform work required under this Consent Decree. Ranrae shall provide a copy of this Decree to all managers subsequently hired during the term of this Decree within five business days of their hire.

17. Within ten business days after the Court's entry of this Decree, Ranrae shall post in a conspicuous place frequented by applicants for positions at Ranrae's Bloomington store #1005, as well as on its employee bulletin board and on its door where it posts other employment posters, the Notice attached as Exhibit A to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit A. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Ranrae shall replace it with a clean copy. Ranrae shall certify to the EEOC, in writing, within 15 days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the annual reports required under the Reporting provisions of this Consent Decree. Ranrae shall permit a representative of the EEOC to enter its Bloomington, Indiana Store #1005 for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice, notwithstanding the provisions of paragraphs 18-19.

## MONITORING PROVISIONS

18. The EEOC, its agents and employees shall in their discretion have the legal authority to enter Ranrae's Bloomington, Indiana Store #1005, with reasonable prior notice to Ranrae, and conduct an on-site inspection to ensure compliance with the ADA and any of the terms of this Consent Decree.

19. Such inspections may, at the discretion of the EEOC, include access to any and all documents for the purposes of inspection and duplication, interviews or depositions of any person, inspection of any area within the facility, and any other investigatory technique or procedure permitted by the ADA or the EEOC's regulations.

20. The EEOC shall also have the legal authority to require appearance and testimony of Ranrae's personnel (at reasonable times and locations) at interviews or depositions and production of relevant documents to ensure compliance with the ADA and any of the terms of this Consent Decree.

## INITIAL AND ANNUAL REPORTING

21. Within 90 days of compliance with paragraphs 6 and 16-17, Ranrae shall provide written certification of compliance to Indianapolis District Regional Attorney, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204 and via e-mail to monitoring-eeoc-indo@eeoc.gov.

22. Ranrae shall provide annual reports which confirm compliance with training including efforts to recruit individuals with disabilities for employment (paragraphs 6-7) and notice postings (paragraph 17), the first due

7

twelve months following the effective date of this Decree as described in paragraph 2. The second annual report shall be due no less than 60 days before the expiration of this decree. These annual reports shall be sent to EEOC Regional Attorney, Kenneth L. Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204 and shall also be sent via e-mail to monitoring-eeoc-indo@eeoc.gov.

## RETENTION OF JURISDICTION/ENFORCEMENT OF DECREE

23. This Consent Decree shall be binding on Ranrae and its successors. No transfer of ownership or operation of Ranrae's business shall relieve Ranrae of its obligation to ensure that the terms of this Decree are implemented.

24. Should transfer of ownership or operation of Ranrae's businesses occur, at least 30 days prior to such transfer, Ranrae shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to the EEOC. Any transfer of ownership or operation of the business without providing the copy of the Decree and providing notice as specified in this paragraph constitutes a violation of this Decree.

25. This Court shall retain jurisdiction to enforce this Consent Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

26. The EEOC may petition this Court for compliance with this

Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Ranrae has not complied with this Decree, appropriate relief, including monetary sanctions and/or extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

27. If the EEOC moves to enforce the Decree, and the Court determines that Ranrae has not complied with this Decree and orders relief, Ranrae shall pay the EEOC's costs and attorney's fees associated with the enforcement action.

28. The monetary relief ordered in this Consent Decree constitutes a debt owed to and collectible by the United States.

29. The Court will close this action after entry of this Decree without further action by the Parties with no effect on the Court's retained jurisdiction provided for in paragraph 25.

## EEOC AUTHORITY

30. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the EEOC to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and which do not arise out of the claims asserted in this lawsuit.

## COSTS AND ATTORNEY'S FEES

31. Except as noted in Paragraph 27 above, each party shall be responsible for and shall pay its own costs and attorney's fees.

SO ORDERED.

Date: 3/25/2021

_____

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

10



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**EMPLOYEE NOTICE**

**This Notice is Posted Pursuant to a Consent Decree Entered into Between the EEOC and Ranrae, Inc. Resolving a Federal Lawsuit Alleging Disability-Based Discrimination under the Americans with Disabilities Act of 1990 ("ADA").**

    Federal law requires that there be no discrimination against any employee because of the employee's race, color, religion, sex, national origin, age (over 40), disability, or genetic information. ADA prohibits employers from discriminating against employees based on disability. Rejecting applicants for employment because of disability is a form of discrimination prohibited by the ADA. The law also prohibits employers and other covered entities from retaliating against employees who have exercised their rights under ADA.

    The EEOC enforces these federal anti-discrimination laws. Employees or applicants who have questions or feel that they have been discriminated against, may contact the EEOC at **Telephone: (463) 999-1240 – TDD: (317) 226-5162 – Toll free: 1-800-669-4000.**

    Ranrae supports and will comply with such Federal law in all respects and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or have given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

**THIS IS AN OFFICIAL NOTICE AND SHALL NOT BE DEFACED OR REMOVED**

SIGNED this _____ day of _____, 2021.

                                                      _____
                                                      [Insert Ranrae Corporate Rep.]

Questions concerning this notice may be addressed to:
Equal Employment Opportunity Commission
101 W. Ohio St., Suite 1900
Indianapolis, Indiana 46204-4203
Telephone: (463) 999-1240 – TDD: (317) 226-5162 – Toll free: 1-800-669-4000.

**This OFFICIAL NOTICE shall remain posted for two years from date of signing.**

**ATTACHMENT A - NOTICE**